UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JONATHAN STOUGH, on behalf of
himself and those similarly situated,

CASE NO.:   2:14-CV-00198

Plaintiff,

v.

TOTAL LAWN CARE TLC, LLC, a Georgia Limited
Liability Company and LONNIE LITTON,
Individually,

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JONATHAN STOUGH ("STOUGH" or "Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, TOTAL LAWN CARE TLC, LLC. ("TLC"), Limited Liability Company, and LONNIE LITTON ("LITTON"), individually, (collectively Defendants) and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and

costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Barrow County, Georgia.

5. At all times material hereto, TLC was and continues to be a Georgia Limited Liability Company.

6. At all times material hereto, TLC was and continues to be engaged in business in Georgia, with its principal place of business in Barrow County, Georgia, at 724 Patrick Industrial Lane, Winder, Georgia 30680.

7. At all times material hereto, TLC was and continues to be primarily engaged in the business of commercial landscaping.

8. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9. At all times material hereto, LITTON was and continues to be resident of Barrow County, Georgia.

10. At all times material hereto, LITTON operated TLC.

11. At all times material hereto, LITTON regularly held and/or exercised

the authority to hire and fire employees of TLC.

12. At all times material hereto, LITTON regularly held and/or exercised the authority to determine the work schedules for the employees of TLC.

13. At all times material hereto, LITTON regularly held and/or exercised the authority control the finances and operations of TLC.

14. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of TLC; (b) determine the work schedules for the employees of TLC; and (c) control the finances and operations of TLC, LITTON is an employer as defined by 29 U.S.C. 201 *et. seq.*

15. Plaintiff was an "employee," of Defendants within the meaning of FLSA.

16. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

17. Defendants were and continue to be the "employers" within the meaning of FLSA.

18. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods (2010-2014).

19. At all times relevant hereto, Defendants had more than two employees.

20. At all times material hereto, Defendants had two (2) or more

employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as landscaping tools, landscaping trucks, and other materials necessary for Defendants' business.

21. The additional persons who may become plaintiffs in this action are/were "non-exempt employees" for Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

22. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23. On or about June of 2013, Defendants hired Plaintiff to work as a non-exempt, hourly-paid landscaper.

24. At various times between June 2013 and August 2013, Plaintiff worked in excess of 40 hours in a work week and was paid proper time and a half compensation for all overtime hours worked.

25. Thereafter, in or about August 2013, Defendants purported to change the methodology by which they paid Plaintiff, and all similarly situated employees, from hourly to day rates.

26. After Defendants began paying Plaintiff, and those similarly situated employees day rates in August 2013, Defendants ceased paying Plaintiff, and those

similarly situated employees, any overtime compensation whatsoever.

27. Rather, from August 2013 to the present, Defendants have failed to pay Plaintiff, and those similarly situated to Plaintiff, any compensation other than their purported day rates, notwithstanding the fact that Plaintiff, and those similarly situated, regularly work in excess of 40 hour within a work week.

28. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

29. From at least August of 2013, and continuing through June of 2014, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

30. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

31. Defendants has violated Title 29 U.S.C. §207 from August of 2013, and continuing to date, in that:

    a. Plaintiff, and those similarly situated, worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate

of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

c. Defendants failed to maintain proper time records as mandated by the FLSA.

32. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

33. Plaintiff re-alleges and reavers paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

34. From August of 2013, and continuing through June of 2014, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

35. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

36. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

37. Defendants actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

38. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

41. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

42. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks

because Defendants failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

43. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

    b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    c. Awarding Plaintiff the declaratory relief sought herein;

    d. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

e. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

f. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

g. Awarding Plaintiff pre-judgment interest; and

Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: August 28th, 2014

Respectfully submitted,

ANDREW FRISCH, Esq.
Georgia Bar No.: 366105
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
E-mail: AFrisch@forthepeople.com

*Trial Counsel for Plaintiff*